UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROTHROCK,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 15-cv-2412 DMS (JLB)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO IMPOSE SANCTIONS**<br><br>**[ECF No. 33]** |

　　　Presently before the Court is Defendants' motion to impose Rule 37 sanctions against Plaintiff for his failure to timely serve his initial disclosures.[1] (ECF No. 33.) Also before the Court are four attorney declarations filed by Defendants in support of their motion to impose sanctions against Plaintiff (ECF Nos. 46–49) and Plaintiff's declaration filed in opposition to Defendants' motion (ECF No. 55).

---

[1] Defendants' motion was filed originally as a motion to compel Plaintiff's initial disclosures and to impose Rule 37 sanctions against Plaintiff. (ECF No. 33.) On August 5, 2016, the Court granted Defendants' motion to compel Plaintiff's initial disclosures but refrained from ruling on Defendants' motion to impose sanctions until after a hearing was held on the matter. (*See* ECF No. 44.) Thus, only Defendants' motion to impose sanctions remains pending before the Court.

1

## I. BACKGROUND

Plaintiff filed this disability discrimination case against Defendants in the San Diego Superior Court on August 19, 2015. (ECF No. 1-2 at 3.) The case was removed to this Court on October 26, 2015. (ECF No. 1.) On January 21, 2016, the Honorable Dana M. Sabraw granted Plaintiff's motion for appointment of pro bono counsel and appointed Victor Huerta, of the Law Offices of Victor Huerta, as Plaintiff's counsel. (ECF No. 11.)

On April 12, 2016, this Court issued a Notice and Order: (1) For Early Neutral Evaluation Conference, (2) Setting Rule 26 Compliance and Case Management Conference, which required the parties to exchange their initial disclosures by May 10, 2016. (ECF No. 22 at 4.) Defendants timely served their initial disclosures on Plaintiff; however, Plaintiff did not timely serve his initial disclosures on Defendants. (ECF No. 33-1 at 2.)

On May 13, 2016, the parties filed a Joint Discovery Plan that represented that "Plaintiff w[ould] file an unopposed *ex parte* application for an extension of time to make his initial disclosures to Defendants on May 16, 2016," and that Plaintiff "expect[ed] to make his initial disclosures on or before May 24, 2016." (ECF No. 23 at 2.) However, Plaintiff neither requested an extension of time to serve his initial disclosures nor served his initial disclosures on Defendants by these dates. (ECF No. 33-1 at 2.) In addition, Plaintiff's former counsel,[2] Victor Huerta, represented to Defendants' counsel that he was unable to induce Plaintiff to agree to serve his initial disclosures on Defendants. (*Id.*)

On June 22, 2016, Defendants filed the present motion requesting that the Court: (1) compel Plaintiff to serve his initial disclosures; and (2) impose sanctions against Plaintiff under Federal Rule of Civil Procedure 37(a) for his failure to timely serve the

---

[2] Mr. Huerta filed a motion for leave to withdraw as attorney of record for Plaintiff on June 15, 2016. (ECF No. 32.) The Honorable Dana M. Sabraw granted Mr. Huerta's motion on July 18, 2016. (ECF No. 36.)

disclosures. (ECF No. 33.) On August 5, 2016, the Court granted Defendants' motion with respect to their request that Plaintiff be required to serve his initial disclosures. (ECF No. 44 at 3–4.) With respect to Defendants' request that the Court impose sanctions against Plaintiff, the Court's August 5, 2016 Order set further briefing requirements and an in-person hearing on the matter. (*Id.* at 4–5.) On August 10, 2016, Defendants filed four attorney declarations in support of their motion to impose sanctions (ECF Nos. 46–49), and on August 19, 2016, Plaintiff filed an opposition to Defendants' motion (ECF No. 55).

A hearing on Defendants' motion to impose sanctions was held on August 23, 2016. (ECF No. 56.) Attorneys D. William Heine and Christopher Conte appeared on behalf of Defendants. (*Id.*) Plaintiff did not appear. (*Id.*) In light of Plaintiff's failure to appear at the hearing, the Court declined to substantively address Defendants' motion and took the matter under submission for determination on the papers. (*Id.*) For the reasons discussed below, the Court **GRANTS in part** Defendants' motion to impose sanctions. (ECF No. 33.)

## II. DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Rule recognizes various exceptions, such as where the court finds the non-moving party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust."[3] *Id*.

### A. Rule 37 Sanctions are Appropriate

After reviewing the parties' moving papers and supporting documents, the Court concludes that an award of Defendants' reasonable fees and expenses under Rule 37 is

---

[3] A third exception that is not applicable here is where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

warranted. Plaintiff was ordered to serve his initial disclosures by May 10, 2016. (ECF No. 22.) Plaintiff did not make his disclosures until August 17, 2016 (ECF No. 55 at 1), over three months after he was initially ordered to do so, and only after being ordered to do so by the Court for a second time. (*See* ECF No. 44.) While Plaintiff argues that his failure to timely serve his initial disclosures was justified because he "was unaware" of his former counsel's communications with Defendants (ECF No. 55 at 3), the Court is unpersuaded. The declaration that Mr. Huerta filed in support of his motion to withdraw as Plaintiff's counsel (ECF No. 32), which Defendants re-filed in support of the instant motion to impose sanctions (ECF No. 35-1), makes clear that Plaintiff actively ignored and rejected Mr. Huerta's repeated efforts to discuss the service of Plaintiff's initial disclosures. (*See* ECF No. 35-1 at 3–5.) Thus, any claim that Plaintiff was unaware of his former counsel's communications with Defendants' counsel, or of his requirement to exchange initial disclosures with Defendants, was the result of Plaintiff's own refusal to communicate with his former attorney. For this reason, the Court finds Plaintiff's failure to timely disclose his initial disclosures was not substantially justified.

Plaintiff raises several objections to Defendants' motion to impose sanctions in his opposing declaration (*see* ECF No. 55); however, the Court finds all of Plaintiff's objections are without merit. First, Plaintiff argues Defendants' motion should be denied because Defendants failed to comply with an alleged meet and confer requirement before filing their second Rule 12(b) motion to dismiss. (ECF No. 55 at 3.) As Plaintiff fails to demonstrate how Defendants' failure to meet and confer regarding the motion to dismiss prevented Plaintiff from timely serving his initial disclosures on Defendants, the Court finds this objection groundless.

Second, Plaintiff argues that Defendants' motion should be denied because certain proofs of service list an incorrect e-mail address for Plaintiff. (ECF No. 55 at 3–4.) However, Plaintiff failed to identify the particular proofs of service with which he takes issue. To the extent Plaintiff is referencing a proof of service attached to Defendants' May 20, 2016 motion to dismiss, this document would not have been served on Plaintiff

personally because he was represented by counsel at that time.[4] And, in any event, whether Plaintiff was properly served with Defendants' motion to dismiss has no bearing on his failure to timely serve his initial disclosures. To the extent Plaintiff is referencing the proofs of service attached to the attorney declarations filed in support of Defendants' motion to impose sanctions, the proofs of service reflect that the declarations were served on Plaintiff not only via e-mail but also via U.S. mail. (ECF No. 46 at 4; ECF No. 47 at 6; ECF No. 48 at 4; ECF No. 49 at 4.) In addition, the declarations of attorneys Heine, Kurnick, and Steiner were re-sent to Plaintiff's correct e-mail address the same day they were filed with the Court. (*See* ECF Nos. 50–52.) Therefore, any claim that Defendants' motion to impose sanctions should be denied on the ground that certain proofs of service listed Plaintiff's incorrect e-mail address is baseless.

Third, Plaintiff argues that Defendants' motion should be denied because "there is no identifiable information [in Mr. Conte's declaration] showing that Mr. Conte's costs were a direct result or associated with representing his client 'Heat & Frost Insulators.'" (ECF No. 55 at 4.) The Court finds Plaintiff's objections regarding Mr. Conte's declaration unpersuasive. Mr. Conte explains in his sworn declaration that the excerpted billing statement attached to his declaration is a true and correct statement that reflects the work he performed on Defendants' motion to compel in this case. (ECF No. 46 at 2.)

Finally, Plaintiff argues that Defendants' motion should be denied because Defendants' counsels' billing entries with respect to joint attorney phone calls, e-mails, and meet and confers are not identical. (ECF No. 55 at 4–5.) For example, Plaintiff argues that "Mr. Heine reports phone and Memo costs with one or both Attorneys only there's no reciprocal charges from attorneys contacted." (*Id.* at 5.) While it appears Plaintiff is correct that the billing entries filed by Attorney Heine contain more entries of joint attorney phone calls, e-mails, and other conferences than those filed by Attorneys Conte and Kurnick, the

---

[4] Victor Huerta's motion to withdraw as counsel was not granted until July 18, 2016. (ECF No. 36.)

Court finds that this is not a sufficient reason to deny Defendants' motion to impose sanctions. To the extent that Attorneys Conte and Kurnick participated in a joint attorney phone and e-mail conferences but chose not to charge their clients for these activities, that is their prerogative.

For the reasons above, the Court concludes that Plaintiff's objections to Defendants' motion to impose sanctions do not constitute "other circumstances [that would] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, an award of Defendants' reasonable attorneys' fees and expenses under Rule 37 is appropriate.

### B.  Defendants' Attorneys' Fees Are Not Reasonable and Must Be Reduced

Reasonable attorney's fees are determined by applying the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014). Under the lodestar method, a reasonable fee is determined by multiplying an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation. *Id.* (citing *Hensley*, 461 U.S. at 433). The district court has discretion to determine what fees are reasonable and the authority to adjust the lodestar amount. *Id.* (citing *Hensley*, 461 U.S. at 433–34).

#### 1.  Reasonable Hourly Rates

A reasonable hourly billing rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry*, 751 F.3d at 1110 (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). The relevant community is the forum in which the district court sits. *Id.* (citing *Camacho*, 523 F.3d at 979). Affidavits of the moving party's attorneys and other attorneys regarding prevailing attorneys' fees in the community are satisfactory evidence of the prevailing market rate. *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). Once the moving party presents this evidence, the nonmoving party has the burden of rebuttal, which requires the submission of evidence challenging the accuracy and reasonableness of the facts asserted

by the moving party in its submitted affidavits. *Id.* at 1110–11 (citing *Camacho*, 523 F.3d at 980).

In support of Defendants' motion to impose sanctions, each of Defendants' attorneys submitted a declaration attesting to his experience, skill, and hourly billing rate in this case. (ECF Nos. 46–48.) The hourly billing rates of Defendants' counsel ranged from $135 to $235. (*Id.*) In addition, Defendants filed the declaration of Attorney Fern M. Steiner, an attorney who does not have an interest in this case, attesting to the reasonableness of Defendants' counsels' hourly billing rates. (ECF No. 49.) The court finds Defendants have met their burden of establishing their counsels' requested hourly billing rates are comparable to those prevailing in the San Diego community for similar services. Plaintiff provides no evidence to the contrary. Accordingly, the Court concludes that Defendants' counsels' hourly billing rates are reasonable.

### 2. Reasonable Time Spent

In addition to evidence supporting the reasonableness of hourly billing rates claimed, a party seeking an award of fees should submit evidence supporting the hours worked. *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (citing *Hensley*, 461 U.S. at 433). District courts have discretion to reduce the number of hours that were not reasonably expended. *Id.* (citing *Hensley*, 461 U.S. at 433–34); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). Where a district court imposes a reduction in fees, the court should provide a "concise but clear" explanation of its reasoning. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (citing *Hensley*, 461 U.S. at 437).

Defendants' counsel seek a total of $9,568.32 in fees and expenses for over 40 hours of work performed in relation to Defendants' motion to compel and motion to impose sanctions. (*See* ECF Nos. 46–48.) As discussed in greater detail below, after reviewing the itemizations and descriptions of the work performed by Defendants' counsel, the Court concludes that the amount of fees Defendants seek is unreasonable given the uncomplicated nature of the underlying discovery dispute.

####### i.      Attorney Conte

Attorney Conte, who represents Defendant Heat & Frost Insulators & Allied Workers, Local 5 (sued as Asbestos Workers Local 5), asserts that he spent a total of 0.9 hour on activities related to Defendants' motion to compel. (*See* ECF No. 46 at 2.) Specifically, he spent 0.5 hour reviewing a draft of the motion and 0.1 hour e-mailing his comments on the draft motion to co-counsel. (*Id.*) In addition, Attorney Conte spent 0.3 hour preparing his declaration in support of Defendants' motion to impose sanctions. (*Id.*) At an hourly billing rate of $150, Attorney Conte seeks a total of $135 in fees incurred in relation to Defendants' motion to compel. (*See id.*) The Court concludes that the total fee amount Attorney Conte seeks is reasonable.

####### ii.     Attorney Kurnick

Attorney Kurnick, who represents Defendant International Association of Heat and Frost Insulators and Allied Workers, asserts that he spent a total of 21.1 hours on work related to Defendants' motion to compel and motion to impose sanctions. (*See* ECF No. 47 at 5.) Specifically, with respect to Defendants' motion to compel, Attorney Kurnick spent approximately 0.9 hour meeting and conferring with opposing counsel and co-counsel regarding the service of Plaintiff's initial disclosures, 0.45 hour reviewing the Court's order setting the briefing schedule for the motion and the undersigned's Chambers Rules, 3 hours conducting legal research related to the motion, 5.8 hours drafting the motion, 2.7 hours reviewing and revising the motion, and 0.4 hour e-mailing co-counsel about the motion. (ECF No. 47-2 at 2.) In addition, Attorney Kurnick incurred $21.07 in LexisNexis charges while performing legal research related to Defendants' motion to compel. (ECF No. 47-3 at 2.)

With respect to the declaration Attorney Kurnick filed in support of Defendants' motion to impose sanctions, he spent approximately 0.3 hour reviewing the Court's order setting forth the briefing requirements for the declaration, 3 hours conducting legal research related to the declaration, 0.5 hour reviewing his billing records, 3.5 hours preparing the

1  declaration, and 0.2 hour conferring telephonically with co-counsel about the attorney
2  declarations. (ECF No. 47-4 at 2.)
3    In addition, on August 1, 2016, Attorney Kurnick spent 0.5 hour conducting
4  "[t]elephone conferences with attorney Bill Heine," 0.2 hour "[r]eview[ing] court's order
5  on hearing," and 0.7 hour "[r]eview[ing] Rothrock's response to motion to dismiss [sic]
6  and draft[ing] reply." (*Id.*)
7    At an hourly billing rate of $235, Attorney Kurnick seeks a total award of $5,193.50
8  in incurred fees and expenses. (ECF No. 47 at 5.) For the following reasons, the Court
9  concludes that the total fee amount Attorney Kurnick seeks is unreasonable.
10   First, the Court's Local Rules require opposing counsel to meet and confer
11 concerning all disputed issues prior to bringing any discovery motion before the Court.
12 CivLR 26.1.a. As such, hours spent meeting and conferring generally should not be
13 included in an attorneys' fees award. *See Matlink, Inc. v. Home Depot U.S.A., Inc.*, No.
14 07cv1994-DMS (BLM), 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008). Because
15 Attorney Kurnick would have incurred the fees associated with his meet and confer efforts
16 regardless of whether Defendants were required to bring their motion to compel, the Court
17 declines to award any of Attorney Kurnick's fees incurred while meeting and conferring
18 about Plaintiff's initial disclosures.
19   Second, in light of the brevity of Defendants' motion to compel and the straight-
20 forward nature of the underlying discovery dispute, the Court concludes that the time
21 Attorney Kurnick spent researching (3 hours), drafting (5.8 hours), and reviewing and
22 revising (2.7 hours) the motion is excessive. Defendants' motion was not a complex
23 discovery motion. The four-page document, which cites to a single case and only two
24 Federal Rules of Civil Procedure, sought to compel the production of a single routine
25 category of documents, Plaintiff's initial disclosures. (*See* ECF No. 33.) Given these facts,
26 the Court concludes that it was reasonable for Attorney Kurnick to have spent 1.5 hours
27 conducting legal research, 3 hours drafting the motion, and 1.5 hours reviewing and
28 revising the motion.

9

15-cv-2412 DMS (JLB)

Third, the Court concludes that the time Attorney Kurnick spent researching (3 hours) and preparing (3.5 hours) his declaration in support of Defendants' motion to impose sanctions is also excessive. The three-and-one-half-page declaration is comprised mostly of information that is personal and readily available to Attorney Kurnick. Attorney Conte reported preparing a similar, but notably shorter, declaration in 18 minutes. (ECF No. 46 at 2.) In addition, while Attorney Kurnick's declaration provides a full page of case summaries in support of the reasonableness of his billing rate, the Court finds these cases could have been located and reviewed in a short amount of time. Accordingly, the Court concludes that it was reasonable for Attorney Kurnick to have spent 1 hour conducting legal research related to, and 2.5 hours preparing, his declaration.

Fourth, the Court concludes that the 1.4 hours of work Attorney Kurnick performed on August 1, 2016, must be excluded from a Rule 37(a) award of attorney's fees. One of Attorney Kurnick's billing entries specifically references Defendants' motion to dismiss, and the docket reflects that the Court's "order on hearing" that Attorney Kurnick reviewed refers to the Honorable Dana M. Sabraw's order vacating the August 5, 2016 hearing on Defendants' motions to dismiss and for judgment on the pleadings. (*See* ECF No. 42.) Further, as the undersigned did not issue her initial order on Defendants' motion to compel and motion to impose sanctions until August 5, 2016 (ECF No. 44), any work performed by Defendants' counsel prior to that date would not likely have been related to these particular motions. Thus, as the work Attorney Kurnick performed on August 1, 2016, was not clearly related to Defendants' motion to compel, the Court declines to award Attorney Kurnick his fees incurred on this date.

In sum, the Court finds it was reasonable for Attorney Kurnick to have spent 11.35 hours on tasks related to Defendants' motion to compel and motion to impose sanctions. Accordingly, the Court finds reasonable an award to Attorney Kurnick of $2,667.25 in incurred fees and $21.07 in incurred expenses.

///

///

### iii. Attorney Heine

Attorney Heine, who represents Defendant International Association of Heat and Frost Insulators and Allied Workers, asserts that he spent a total of 18.75[5] hours on activities related to Defendants' motion to compel. (*See* ECF No. 48 at 3.) Specifically, with respect to Defendants' motion to compel, Attorney Heine spent approximately[6] 7 hours meeting and conferring with opposing counsel and his co-counsel with respect to Plaintiff's initial disclosures, 0.25 hour reviewing the Court's order setting the briefing schedule for the motion, 0.55 hour reviewing the Court's Local Rules, 3 hours reviewing, revising, and formatting the motion, and 1.9 hours conferring with co-counsel by e-mail and phone. (*See* ECF No. 48-1 at 2–4.)

With respect to the declaration Attorney Heine filed in support of Defendants' motion to impose sanctions, he spent approximately 0.2 hour reviewing the Court's order setting forth the briefing requirements for the declaration, 0.3 hour calendaring the filing deadline and updating his case file, 0.3 hour reviewing and inquiring into certain cases, 0.75 hour reviewing and revising his hours and fees report, 1.3 hours drafting the declaration, 0.65 hour reviewing Attorneys Conte's, Kurnick's, and Steiner's declarations, and 2.25 hours conferring with co-counsel about the attorney declarations by e-mail and phone. (*Id.*)

In addition, on August 9, 2015 [sic], Attorney Heine spent 1.25 hours "[d]raft[ing] Heine declaration in support of motion for sanctions; review[ing] file re San Diego Convention Center case." (*Id.* at 4.)

---

[5] While Attorney Heine's declaration states that he spent 18.75 hours on tasks related to Defendants' motion to compel (ECF No. 48 at 3), the Court notes that the billing statement attached as Exhibit A to Attorney Heine's declaration contains billing entries for 19.75 hours of work. (*See* ECF No. 48-1 at 2–4.)

[6] Mr. Heine often grouped multiple tasks into a single billing entry. Where it seemed logical to do so, the Court estimated Mr. Heine's time spent on each specific task included in the entry by first dividing the total time billed by the total number of tasks performed within that time and then distributing equal portions of time to each task performed.

1    At an hourly billing rate of $225, Attorney Heine seeks a total award of $4,218.75
2 in incurred fees. (ECF No. 48 at 3.) For the following reasons, the Court concludes that
3 the total fee amount Attorney Heine seeks is unreasonable.
4    First, for the reasons stated above, the Court declines to award any of Attorney
5 Heine's fees incurred while meeting and conferring regarding Plaintiff's initial disclosures.
6    Second, in light of the brevity of Defendants' motion and the uncomplicated nature
7 of the underlying discovery dispute, the Court concludes that the 3 hours Attorney Heine
8 spent reviewing, revising, and formatting Defendants' motion to compel is excessive. For
9 the reasons stated above, the Court concludes that it was reasonable for Attorney Heine to
10 have spent 1.5 hours on this task.
11    Third, the Court concludes that the time Attorney Heine spent conferring with co-
12 counsel regarding Defendants' motion to compel and the declarations filed in support of
13 Defendants' motion to impose sanctions is excessive. With respect to Defendants' motion
14 to compel, Attorney Heine asserts that he spent approximately 1.9 hours conferring with
15 co-counsel. (ECF No. 48 at-1 at 3.) On the other hand, Attorneys Conte and Kurnick
16 respectively reported spending 0.1 hour and 0.4 hour doing the same. (ECF Nos. 46 at 2;
17 47-2 at 2.) Similarly, with respect to the attorney declarations, Attorney Heine asserts that
18 he spent approximately 2.25 hours conferring with co-counsel (ECF No. 48-1 at 3–4),
19 whereas Attorneys Conte and Kurnick respectively reported spending no time and 0.2 hour
20 doing the same (ECF Nos. 46; 47-4 at 2). In light of Attorneys Conte's and Kurnick's
21 representations, the time Attorney Heine spent conferring with co-counsel is excessive.
22 The Court concludes it was reasonable for Attorney Heine to have conferred with co-
23 counsel for 0.5 hour on Defendants' motion to compel and for 0.5 hour on the declarations
24 filed in support of Defendants' motion to impose sanctions.
25    Fourth, the Court concludes that the 1.25 hours of work Attorney Heine performed
26 on August 9, 2015 [sic] must be excluded from a Rule 37(a) award of attorney's fees.
27 Exhibit A to Attorney Heine's declaration reflects that Attorney Heine spent 1.25 hours
28 "[d]raft[ing] Heine declaration in support of motion for sanctions; review[ing] file re San

Diego Convention Center case." (ECF No. 48-1 at 4.)  Because there is no indication that the San Diego Convention Center case is related to the present case, and because the Court has no means of deciphering what portion of the 1.25 hours relates only to the time Attorney Heine spent drafting his declaration, the Court declines to award any of the fees associated with this billing entry.

In sum, the Court finds it was reasonable for Attorney Heine to have spent 6.8 hours on tasks related to Defendants' motion to compel and motion to impose sanctions. Accordingly, the Court finds reasonable an award to Attorney Heine of $1,530.00 in incurred fees.

### C. Other Factors Warrant a Further Reduction of Defendants' Attorneys' Fees

As discussed above, Federal Rule of Civil Procedure 37 recognizes various exceptions to awarding a moving party's attorneys' fees, such as where "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(iii). Because Plaintiff is currently proceeding *pro se* and because he represented to the Court during the August 23, 2016 show cause hearing that he is indigent, pursuant to factor (iii) under Rule 37(a)(5)(A), the Court declines to impose on Plaintiff the full amount of reasonable sanctions sought by Defendants. The Court finds that $2,176.66, one-half of Defendants' reasonable attorneys' fees and expenses, is an appropriate sanction.  In addition, the payment of sanctions shall be deferred pending the outcome of this case.  If there is a settlement in Plaintiff's favor or Plaintiff is awarded damages, the sanction of $2,176.66 will be immediately deducted from the settlement amount or damages award and paid to Defendants.  If Plaintiff does not obtain a favorable settlement or damages award in this case, the sanctions award will be vacated.

///
///
///
///

## III. CONCLUSION

For the reasons discussed above, Defendants' motion to impose sanctions is **GRANTED in part**. The Court concludes that the following attorneys' fees and expenses were reasonably incurred by Defendants in making their motion to compel Plaintiff's initial disclosures.

| Attorney | Fees | Expenses | Total Award |
|---|---|---|---|
| Conte | $135.00 | - | $135.00 |
| Kurnick | $2667.25 | $21.07 | $2,688.32 |
| Heine | $1,530.00 | - | $1,530.00 |
| | | **Total Award** | **$4353.32** |

However, pursuant to factor (iii) of Rule 37(a)(5)(A), Plaintiff shall pay Defendants a total of $2,176.66, and only if later there is a settlement in Plaintiff's favor or Plaintiff is awarded damages in this case.

**IT IS SO ORDERED.**

Dated: October 27, 2016

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge